IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE
DISTRICT OF TENNESSEEAT NASHVILLE

| | |
|---|---|
| JOHN DOE, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § |
| | § No. |
| WILLIAM B. LEE, in his capacity as Governor of the State of Tennessee, | § |
| | § |
| AND | § |
| | § |
| DAVID B. RAUSCH, in his capacity as Director of the Tennessee Bureau of Investigation, | § |
| | § |
| Defendants. | § |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

## INTRODUCTION

1. Article I, section 10, clause 1 of the United States Constitution (the "Ex Post Facto Clause") provides in relevant part: "No State shall…pass any…*ex post facto* Law[.]" The ExPost Facto Clause prohibits laws that impose retroactive punishment. A law imposes punishment if it is punitive in intent or punitive in effect.

2. Plaintiff, John Doe (hereinafter referred to as "Doe"), is a Tennessee resident who, as of the drafting of the instant pleading, is being retroactively required to comply with the Tennessee Sexual Offender and Violent Sexual Offender Registration, Verification, and Tracking Act of 2004 (SOR) for at least five (5) years. *See* Tenn. Code Ann. §§ 40-39-201 - 40-36-218 (2016) (hereinafter referred to as "the Act").

1

2. Doe pled guilty in 1984 in Camarillo, California to Lascivious acts with a child. (Ex. A)

3. As part of his plea agreement, Doe received what appears to be a six (6) year prison sentence.

4. At the time of Doe's convictions in 1984, no sex offender registry existed in Tennessee.

5. At some point, Doe registered the Tennessee Bureau of Investigation SOR unit based on the requirements of T.C.A § 40-39-203(a). (Ex. B)

6. Doe is currently incapacitated and needs urgent, emergency placement in a facility to address his physical and mental health needs but no facility will admit him due to his being on the SOR.

7. T.C.A. §40-39-203(a), in part, states that "REGARDLESS of an offender's date of conviction, adjudication or discharge from supervision" "within forty-eight (48) hours . . . the offender shall register" with the SOR unit.

8. Under the Act, Doe is, *inter alia,* subject to constant supervision by law enforcement officers; required to report in-person at least once a year and for numerous other reasons on forty-eight hours' notice; banned from living or working in many areas; restricted as to when he can travel; limited in his rights to free speech; hindered from maintaining normal family relationships; identified by photograph and address on a public, state-run website as an "offender against children"; and subjected to a vast array of state-imposed restrictions that encompass virtually every fact of his life to which he must comply for as long as he lives or face severe criminal sanctions.

9. This Court has already found that the retroactive application of Tennessee's sex offender registration schemes and their associated restrictions violate the constitutional prohibition against *ex post facto* laws recently stating that individuals, such as Doe, have been placed on the

SOR "despite the fact that, when they committed their offenses, the registration scheme did not exist" and that "under the law of the Sixth Circuit, that policy is illegal." Judge Trauger also stated that "the state's policy of imposing ex post facto criminal punishments on some sexual offenders is unconstitutional under the currently applicable caselaw." *John Does #1-9 v. William Lee and David Rausch*, Case numbers 3:21-cv-00590, 593, 594, 595, 596, 597, 598, 624, 671 (memorandum issued by Judge Trauger on December 3, 2021); see also *See Doe #I v. Lee,* 518 F. Supp. 3d 1157 (M.D. Tenn. Feb. 8, 2021).

10. Doe is one of those "sexual offenders" noted in Judge Trauger's memorandum and seeks declaratory and injunctive relief barring the Act's application to him.

## JURISDICTION

1. Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1343 because Doe seeks redress for the deprivation of rights secured by the U.S. Constitution. Doe's claims are brought pursuant to 42 U.S.C. § 1983.

2. Doe's claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201-2202, by Fed. R. Civ. P. 57 and 65, and by the legal and equitable powers of this Court.

3. Venue is proper in the Middle District of Tennessee pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Doe is an adult resident of Overton County, Tennessee.

5. Defendant, William B. Lee ("Governor Lee"), is the Governor of the State of Tennessee. Governor Lee is sued in his official capacity. Pursuant to Article 3, § 1 of the

Tennessee Constitution, the executive power of the State of Tennessee is vested in the Governor. The Tennessee Constitution further provides that the Governor shall take care that applicable federal and state laws are faithfully executed. *See* Tenn. Const. art. III, § 10. Governor Lee is ultimately responsible for the enforcement of Tennessee law and for supervision of all state departments, including the Tennessee Bureau of Investigation ("T.B.I.") and the Tennessee Department of Correction. Governor Lee was and is at all points in time relative to this Complaint acting under color of state law.

6. Defendant, David B. Rausch ("Director Rausch"), is the Director of the T.B.I., a state agency with responsibility for enforcement and management of Tennessee's S.O.R. Director Rausch is sued in his official capacity. Director Rausch was and is at all points in time relative to this Complaint acting under color of state law.

## REQUEST FOR RELIEF

**WHEREFORE,** premises considered, Doe requests:

1. That proper process issue and Defendants be required to Answer this Complaint within the time provided by law;

2. That this Court grant an immediate emergency preliminary injunction enjoining Defendants from enforcing the Act against Doe on the basis of his 1984 conviction so that he can enter a residential facility due to his incapacity.

3. That this Court issue a Judgment, pursuant to 28 U.S.C. §§ 2201-2202, declaring the retroactive application of the Act violates the *Ex Post Facto* Clause of the United States Constitution, and issue a permanent injunction removing Doe from the S.O.R. and restraining Defendants from retroactively enforcing the Act against Doe;

4. That this Court issue a Judgment, pursuant to 28 U.S.C. §§ 2201-2202,

declaring that the Act unconstitutionally interferes with Doe's fundamental right to engage in free speech and association, and issue a permanent injunction restraining Defendants from enforcing againstDoe the provisions of the Act that violate his First Amendment rights;

5. That this Court issue a Judgment, pursuant to 28 U.S.C. §§ 2201-2202, declaring that the Act unconstitutionally interferes with Doe's fundamental right to travel, and issue a permanent injunction restraining Defendants from enforcing against Doe the provisions of the Act that violate the Due Process Clause of the Fourteenth Amendment;

6. That this Court issue a Judgment, pursuant to 28 U.S.C. §§ 2201-2202, declaring that the Act unconstitutionally interferes with Doe's fundamental right to direct the education and upbringing of his remaining minor child and four grandchildren, and issue a permanent injunction restraining Defendants from enforcing against Doe the provisions of the Act that interfere with this right;

7. That this Court issue a Judgment, pursuant to 28 U.S.C. §§ 2201-2202, declaring that retroactively extending the registration period for to be required to register with the S.O.R. and comply with its requirements for the remainder of Doe's lifetime violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and issue a permanent injunction restraining Defendants from retroactively extending Doe's registration period;

8. That this Court issue a Judgment, pursuant to 28 U.S.C. §§ 2201-2202, declaring that applying the Act to Doe breaches Doe's plea agreement and violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and issue a permanent injunction restraining Defendants from enforcing the Act against Doe;

9. That this Court issue a Judgment, pursuant to 28 U.S.C.

§§2201-2202, declaring that the Act violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution by imposing criminal liability for passive acts without actual knowledge of the duty to comply, and issue a permanent injunction restraining Defendants from enforcing the Act against Doe;

10. That this Court issue a Judgment, pursuant to 28 U.S.C. §§ 2201-2202, declaring that the Act is void under the Due Process Clause of the Fourteenth Amendment to the United States Constitution due to vagueness and impossibility and issue a permanent injunction restraining Defendants from enforcing against Doe those provisions of the Act that are unconstitutional;

11. That this Court permanently enjoin Defendants from enforcing the Act's restrictions against Doe on the basis of his 1991 convictions;

12. That Doe be awarded his attorney fees, costs, discretionary costs, and reasonable litigation expenses, including expert witness fees, pursuant to 42 U.S.C. § 1988 and Fed. R. Civ. P. 54(d);

13. That the costs of this action be taxed against Defendants; and

14. That Doe be awarded all other relief, injunctive, equitable, or otherwise, to which he may be entitled.

DATED: April 7, 2022                         Respectfully submitted,

/s/ John B, Nisbet III
John B. Nisbet III BPR #013364
Daniels & Nisbet
P.O. Box 13
Livingston, TN 385780
Office: 931.823.6177
Fax: 931.823.6171
nisbetcle@gmail.com